**BRAD PISTOTNIK LAW, P.A.**
10111 E. 21st Street, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT WICHITA, KANSAS

GERALD WEYER,

      Plaintiff,

-vs-                                                      Case No.

NEW PRIME, INC,
a foreign corporation;
THEODORE MEREDITH,
a Missouri resident;

      Defendants,

## **COMPLAINT**

COMES NOW the Plaintiff, by and through counsel, Tony L. Atterbury and Jay Sizemore of Brad Pistotnik Law, P.A. and for his claims against the Defendants, alleges and states:

### **COUNT I - GENERAL ALLEGATIONS OF FACTS**

1. The Plaintiff is a resident of the State of Kansas and resides in Park City, Kansas.

2. The Defendant New Prime, Inc., (New Prime), a Nebraska Corporation is involved in business as a motor carrier in interstate transportation and has a principal place of business located in Missouri. It may be served through its registered agent, Incorp Services, Inc. at 534 South Kansas Avenue, Suite 1000, Topeka, Kansas 66603.

3. The Defendant Theodore Meredith (Meredith) is a Missouri resident and can be served at his residence at 3019 West Grand Street Springfield, Missouri 65802.

4. This court has proper jurisdiction over the persons and subject matter.

5. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

6. Defendant Meredith was operating a semi-truck in the course and scope of employment at the time and moment of this accident for the Defendant New Prime. For all allegations brought in this Complaint, the actions and omissions of Defendant Meredith are the actions and omissions of Defendant New Prime, under the doctrines of Respondeat Superior and Vicarious Liability.

7. Defendant New Prime applied for motor carrier authority through the United States Department of Transportation to operate as a motor carrier under D.O.T. number 003706.

8. On or about the 16th day of December, 2016, the Plaintiff was traveling west on U400 in Greenwood County, Kansas, when Defendant Meredith, who was acting in the course and scope of employment for Defendant New Prime, negligently and carelessly pulled out of a rest area stop to make a left turn onto US 400 and pulled out directly in front of the Plaintiff, thereby proximately causing an accident and injuries and damages to the Plaintiff.

9. The Plaintiff attempted to avoid the semi-truck being operated by Defendant Meredith, but was unsuccessful and the semi-truck being operated by Defendant Meredith struck the Plaintiff's trailer.

10. Defendant Meredith made an admission against interest at the accident scene when he told the investigating office that he never saw the Plaintiff's semi-truck when he pulled out in front of it.

11. The commercial motor vehicle being driven by Defendant Meredith at the time of the accident was owned and/or operated and leased by Defendant New Prime. This commercial motor

vehicle was also dispatched, supervised, maintained, monitored, operated, and controlled by the department of operations, and the fleet management of Defendant New Prime.

12. Defendant Meredith was hired, qualified, supervised, and trained by Defendant New Prime.

13. Defendant New Prime was operating a fleet of commercial motor vehicles, trucks and other vehicles as a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

14. That at all times material hereto, the Defendants were operating under authority through the Department of Transportation (DOT) under their DOT license as set forth in preceding paragraphs above.

15. 49 C.F.R. § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

16. 49 C.F.R. § 390.4 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

17. Defendants were at all material times a "motor carrier" and an "employer" of their driver as defined as defined in 49 C.F.R. §382.107.

18. 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an action or omission of that carrier. . . in violation of this part."

19. 49 U.S.C. § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities." Defendants negligently and wantonly failed to provide safe and adequate service which proximately caused the injury and damages to Plaintiffs.

20. The FMSCRs are located at 49 C.F.R. § 390 *et seq.* The FMCSRs and the MCA specifically under the section 40 C.F.R. § 391.1(a) and (b) states "(a) The rules in this part establish

minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers. The rules in this part **also establish minimum duties of motor carriers with respect to the qualification of drivers.** (b) A motor carrier who employs himself/herself as a driver must comply with both the rules in this part that apply to motor carriers and the rules in this part that apply to drivers." The FMCSR's set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

21. The Federal Motor Carriers Safety Administration's Complete Safety Measure System – Complete SMS Profile (U.S. DOT# 003706) is attached as **Exhibit A.** The Complete SMS Profile Defendant New Prime, provides massive evidence of noncompliance with the Federal Motor Carrier Safety Regulations (FMCSR). In the preceding 24 months from November 30, 2018, employees and drivers for Defendant New Prime have committed 5,246 violations. Many of the violations contained level ten severity weight for unsafe driving conduct such as texting while driving, speeding in a construction zone, driving more than 15 mph over the posted speed limit, operating a commercial motor vehicle while impaired by an illness or other cause, operating a commercial motor vehicle while impaired by fatigue, using a hand held cell phone while operating a commercial vehicle and other numerous violations.  These violations which are massive and substantial demonstrate that New Prime has a pattern and habit and custom of habitually violating the Federal Motor Carrier Safety Regulations that is their routine business practice.

**COUNT II - <u>THE FEDERAL MOTOR CARRIER SAFETY REGULATIONS SET FORTH THE APPLICABLE MINIMUM INDUSTRY STANDARD OF CARE TO ESTABLISH NEGLIGENCE, LACK OF CARE, RECKLESS AND WANTON CONDUCT</u>**

22. The Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-one

(21) above as if though fully set forth herein.

23. The allegations contained in this Complaint regarding the Federal Motor Carrier Safety Regulations (FMCSR) are set forth to establish that the Defendants did not comply with the industry standard of care and the minimum standards of care described under the FMCSR to establish the negligence of the Defendants and are not brought to allege a private cause of action for violation of the FMCSR.

24. The actions and omissions of Defendant Meredith are the actions and omissions of Defendant New Prime, under the doctrines of Respondeat Superior and Vicarious Liability and upon information and belief, are negligent, careless, and wanton and include, but are not limited to:

   A. Failure to yield the right-of-way from a left turn;

   B. Inattentive operation of a commercial motor vehicle;

   C. Operation of a commercial motor vehicle while using a cellular phone, GPS, PDA, mapping or other message device;

   D. Failure to keep a proper lookout;

   E. Failure to exercise ordinary and reasonable care;

   F. Failure to warn;

   G. Operation of a commercial motor vehicle without first ascertaining that movement can be safely made;

   H. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. §§ 381 through 399;

   I. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while the

driver's ability or alertness is impaired;

J. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11(a) by operation of a commercial motor vehicle when the driver is not properly qualified pursuant to this regulation;

K. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.113 by operating a fleet vehicle and commercial motor vehicle when the driver does not possess and demonstrate the safe driving skills required by this regulation;

L. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by operating a fleet vehicle and commercial motor vehicle when the driver did not have sufficient basic knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of basic control maneuvers, and basic information on hazard perception and when and how to make emergency maneuvers;

M. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.110 by operation of a fleet vehicle and commercial motor vehicle without the knowledge and skills necessary to operate the same safely;

N. For failing to meet the minimum duties and industry standards set forth under 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR;

O. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R § 383.110, 49 C.F.R. § 383.112, 49 C.F.R. 383.113 by

6

       failing to have an adequate safety management controls in place that would require and provide that the driver had the required skills safety management controls required under this regulation;

P. Upon information and belief using a cellular phone device, wireless communication device or other PDA device while operating a motor vehicle and talking, texting or looking at GPS directions, thereby violating K.S.A. 8-15,111 and causing Defendant New Prime's driver to be distracted;

Q. For violation of laws, statutes, ordinances and regulations of the State of Kansas and of Greenwood County;

R. For other actions and omissions that will be supplemented after the receipt of full and complete discovery in this case.

### COUNT III - <u>NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION CLAIMS</u>

25. The Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-four (24) above as if though fully set forth herein.

26. Upon information and belief, Defendant New Prime is negligent, careless, wanton and reckless for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11 and 49 C.F.R. § 391.21, 49 C.F.R. § 391.23 by failing to properly qualify Defendant Meredith, and by failing to properly make appropriate investigation and inquiries of the driver's background in the prior ten (10) year period and by failing to obtain the federally required information on the application for employment of their driver with appropriate ten (10) year background checks, criminal history checks and obtaining actual responses from prior employers;

27. Upon information and belief the Defendant New Prime is negligent for failing to immediately

    terminate, suspend, or reprimand the driver;

28. Upon information and belief the Defendant New Prime is negligent for failing to retrain the driver in defensive driving skills, hazard perception skills and accident avoidance techniques;

29. Defendant New Prime is negligent, careless, wanton and reckless for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.31 by failing to properly road test their driver, Defendant Meredith;

30. The significant violation history and routine business practice of unsafe driving violations as set forth above establish a total disregard for safety and establish that Defendant New Prime habitually disregards the Federal Motor Carrier Safety Regulations.

31. Defendant New Prime's actions and omissions in hiring their driver, establish negligent hiring, retention, supervision, and training of the driver and supervisory managers above the driver;

32. Defendant New Prime and their respective agents, employees and representatives were careless and negligent and wanton for negligent hiring, training, supervision, and retention of the driver and his supervisory personnel. Defendant New Prime negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to, the driver and his supervisory personnel. Defendant New Prime has an obligation to use reasonable care in selecting and retaining their employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their employees, agents, and independent contractors, including, but not limited to driver. Defendant New Prime negligently and wantonly failed to use reasonable care in the hiring, selecting, training,

monitoring, and retention of their employees and agents, including, but not limited to driver. Defendant New Prime knew or reasonably should have known that they were not hiring safe and competent employees and agents and negligently and wantonly violated their duty to hire only safe and competent employees. Defendant New Prime knew or reasonably should have known that their employees and agents, including, but not limited to their driver, created and were an undue risk of harm to the Plaintiff, and negligently and wantonly failed to reprimand, retrain, or terminate their employees, agents, and independent contractors, including the driver and his supervisory personnel as established by violations set forth in the Complete SMS Profile.

33. Defendant New Prime's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors including the driver and his supervisory personnel proximately caused the injuries to the Plaintiff.

34. Defendant New Prime failed to have adequate safety management protocols in place.

35. Defendants failed to properly create and implement a proper safety program that would require the driver to be adequately tested in written form to determine that he has appropriate defensive driving skills.

36. Defendant New Prime upon information and belief, failed to test the driver of their fleet motor vehicle for alcohol and drug consumption after this accident.

### COUNT IV - <u>RATIFICATION IS ESTABLISHED BY EXPRESS OR IMPLIED RATIFICATION</u>

37. The plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-six (36) above as if though fully set forth herein.

38. Defendant New Prime has ratified all conduct of their driver either expressly or impliedly. Upon information and belief, the driver was not reprimanded, suspended, terminated or

retrained following this accident. More importantly, the violations set forth above in the Complete SMS Profile attached as **Exhibit A** clearly establish that Defendant New Prime has expressly disregarded the FMCSR, the industry standards of care for safety in the trucking industry or impliedly has turned a blind eye to safety.

### COUNT V - INJURIES AND DAMAGES OF THE PLAINTIFF

39. The Plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-eight (38) above as if though fully set forth herein.

40. As a further direct and proximate result of the negligence and carelessness of the Defendants as aforesaid, Plaintiff has received injuries to his body, including but not limited to his lumbar spine, has underwent a substantial amount of treatment including at least one epidural; may have had aggravation to a pre-existing condition, and was otherwise injured. The Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, the Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, the Plaintiff prays for judgment against Defendants for all damages allowed under Kansas law as actual compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314
Jay Sizemore, #20395
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400/ Fax: 316-684-4405
tony@bradpistotniklaw.com
jay@bradpistotniklaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury of her peers in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW the plaintiffs and designate Wichita, Kansas as the place for trial in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314